UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DERRICK LEE SMITH, # 267009,

    Plaintiff,

v.

W. ALFORD,

    Defendant.

Case No. 1:13-cv-694

Honorable Paul L. Maloney

**MEMORANDUM OPINION**

   This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint and amended complaint attempted to allege claims against numerous defendants. Plaintiff's claims arose both from his prosecution and conviction in the Wayne County Circuit Court for two counts of kidnaping and the subsequent conditions of his confinement at two separate Michigan prisons -- the Earnest C. Brooks Facility and the Michigan Reformatory. On October 16, 2013, Chief Judge Paul Maloney issued a lengthy opinion analyzing plaintiff's claims under the standards established by the Prison Litigation Reform Act, specifically 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c). Chief Judge Maloney's opinion found that all claims against all defendants were subject to dismissal, except for an Eighth Amendment claim against defendant William Alford, a corrections officer at the Michigan Reformatory, plaintiff's previous place of incarceration. The claim against Alford arises from allegations that he maliciously closed a cell door on plaintiff's hand, in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment. Chief Judge Maloney entered an order directing service of process on Alford,

but dismissing the claims against all other parties. (Order of Partial Dismissal, docket # 17). Service of process was effectuated on Alford, who filed a motion for summary judgment raising solely plaintiff's alleged failure to exhaust administrative remedies. (docket # 33). Shortly thereafter, the court entered its standard case management order for prisoner litigation (docket # 37) which contained, among other provisions, the following limitation on discovery: "If any defendant files a summary judgment motion raising *only* failure to exhaust remedies, a period of 45 days will be allowed for plaintiff's discovery, *limited to the exhaustion issue only*." (CMO, ¶ 2(c), docket # 37).

Now before the court are seven motions filed by plaintiff, which the court will address in turn.

Motion to Stay (docket # 47). Plaintiff has moved for an order staying proceedings on defendant's pending motion for summary judgment, for the purpose of allowing plaintiff to introduce an affidavit from fellow prisoner Joshua Giroux, who observed the incident in which Alford allegedly slammed a cell door on plaintiff's hand. Plaintiff's request is not meritorious. The pending motion for summary judgment is based only on plaintiff's alleged failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). The only facts germane to the pending motion concern plaintiff's efforts to pursue administrative remedies against Alford arising from the alleged assault. For purposes of the motion, the question whether the assault did or did not occur is irrelevant. Furthermore, plaintiff has now submitted the declaration of Mr. Giroux (docket # 57-1), so there is no need to delay proceedings on this account. Plaintiff's motion for stay will be denied.

Motion to Compel (docket # 48). Plaintiff has moved to compel production of a large quantity of institutional records, including plaintiff's entire prison file and medical file, all statements or other documents relating to the alleged assault, and all prison rules, regulations and policies involving assault and battery upon prisoners. Plaintiff's request for production of documents exceeds the scope of allowable discovery under paragraph 2(c) of the case management order. That order allowed plaintiff a 45-day period to pursue discovery, limited to the question of exhaustion of administrative remedies. Plaintiff's broad discovery request has nothing to do with the exhaustion question. Plaintiff's motion to compel must therefore be denied. If the pending dispositive motion is denied, plaintiff may seek production of relevant documents, but is admonished that his present document request is grossly over broad.

Motion to Grant a Final Appealable Judgment (docket # 52). Plaintiff's next motion seeks the entry of a final and appealable judgment on the court's order of partial dismissal, entered on October 16, 2013. Plaintiff attempted to appeal this non-final judgment to the Court of Appeals, but that court dismissed the appeal for lack of jurisdiction, as the October 16, 2013 order did not dispose of all claims against all parties. (Order in Sixth Circuit Case no. 13-2457, filed 1/9/2014, docket # 39). Plaintiff seeks to cure this problem by asking for the entry of a final and appealable order of partial dismissal. Plaintiff's request is governed by 28 U.S.C. § 1292(b), which allows certification of an otherwise unappealable order if the order involves a "controlling question of law as to which there is substantial ground for difference of opinion," and if an immediate appeal may materially advance the ultimate termination of the litigation. If the district court files a certification under section 1292(b), the Court of Appeals has discretionary jurisdiction to review the non-final

order. The Sixth Circuit has stated that review under section 1292(b) should be "sparingly granted and then only in exceptional case." *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993). Plaintiff has not attempted to address either of the statutory preconditions for a certification under section 1292(b), nor has he advanced any reason to conclude that there is an exceptional need for immediate appellate review. Plaintiff's original complaint was a conglomeration of grievances spanning a number of years and covering events as diverse as the investigation of criminal charges against him, the conduct of his trial, the adequacy of his medical care in prison, the loss of hobby craft materials, and the alleged assault by Alford. Plaintiff chose to amalgamate these unrelated claims in a single lawsuit. The consequence is that no appeal will lie from the partial dismissal order until all claims have been adjudicated. The only reason advanced by plaintiff for certification of an appeal is his desire to have prompt appellate review. This is insufficient. His motion must be denied.

Motion For Preliminary Injunction (docket # 53). Plaintiff's next motion is a patently improper request for the entry of a preliminary injunction against persons who are not parties to this lawsuit. Plaintiff's motion involves his job assignment at the E.C. Brooks Correctional Facility as a unit porter. Plaintiff alleges that he is not medically capable of performing the functions required in that position. He therefore seeks an order against "the defendants" preventing them from forcing him to work as unit porter or a yard crew worker and preventing any discipline for his refusal to work. The only remaining defendant in this case is Alford, who is a corrections officer at the Michigan Reformatory, an institution located miles away from plaintiff's present prison.

A party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claims pending in his complaint. *See Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010). A motion for preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable, especially when the only remaining defendant has no power to change the conditions of plaintiff's confinement at his present institution. Simply put, a plaintiff is not entitled to a preliminary injunction on claims not pending in the complaint. *See Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010). In the present case, Chief Judge Maloney's opinion and order entered October 16, 2013, dismissed all claims against Warden Mary Berghuis and other officials employed at E.C. Brooks Correctional Facility. Specifically, the court dismissed all plaintiff's claims arising from his classification or work assignment at the E.C. Brooks Facility. (Op. at 19-23, docket # 16). As there are no claims pending in this case concerning plaintiff's job assignment and, moreover, no defendants against whom relief can be granted concerning conditions of confinement at the E.C. Brooks Facility, plaintiff's request for a preliminary injunction in the present case is out of order.

<u>Motion Stating What Damages are Being Sought (docket # 54)</u>. Plaintiff's next motion is essentially a motion to amend his complaint. The motion seeks to clarify the amount of nominal, compensatory and punitive damages that plaintiff seeks. Under the liberal amendment standards of Fed. R. Civ. P. 15(a)(2), plaintiff should be allowed to clarify his complaint in this manner. This motion will therefore be granted.

Motion to Add a Declaration (docket # 57). Plaintiff's last motion is a motion for leave to file the declaration of Joshua Giroux, a fellow prisoner who asserts that he witnessed defendant Alford purposely slam a cell door on plaintiff's hand. As the affidavit has relevance to the sole claim now pending before the court, plaintiff's motion will be granted.

An order consistent with this memorandum opinion will be entered forthwith.


Dated: April 4, 2014               /s/ Joseph G. Scoville
                                   United States Magistrate Judge