UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DERRICK LEE SMITH, # 267009, | |
| Plaintiff, | Case No. 1:13-cv-694 |
| v. | Honorable Paul L. Maloney |
| WILLIAM ALFORD, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This lawsuit arises out of plaintiff's confinement at the Michigan Reformatory on September 2, 2012. Plaintiff alleges that Corrections Officer William Alford violated his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause by closing a cell door on plaintiff's hand.

The matter is now before the court on plaintiff's most recent motion for a preliminary injunction. (docket # 76). This motion, like its predecessor, is unrelated to any claim at issue in this lawsuit. (*see* Mem. Op. at 4-5, docket # 61). Plaintiff's motion for a preliminary injunction is based on events that allegedly occurred in 2014.

A party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claim pending in his complaint. *See Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010). A motion for preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable. Simply put, a plaintiff is not entitled to a preliminary injunction on claims not pending in the complaint. *See Ball v. Famiglio*, 396 F. App'x 836, 837 (3d

Cir. 2010); *see also Smith v. Alford*, No. 1:13-cv-694, 2014 WL 1345407, at * 3 (W.D. Mich. Apr. 4, 2014).

### Recommended Disposition

For the foregoing reasons, I recommend that plaintiff's motion for a preliminary injunction (docket # 76) be denied.

Dated:   January 5, 2015          /s/  Phillip J. Green
                                  United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).