UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DERRICK LEE SMITH #267009,  )  <br>     Plaintiff,                 ) <br>                                      ) <br> -v-                                ) <br>                                      ) <br> W. ALFORD,               ) <br>     Defendant.         ) <br> _____) | No. 1:13-cv-694 <br><br> HONORABLE PAUL L. MALONEY |

### ORDER MODIFYING REPORT AND RECOMMENDATION REGARDING MOTION FOR SUMMARY JUDGMENT AND ADOPTING REPORT AND RECOMMENDATION REGARDING MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Derrick Smith, a prisoner under the control of the Michigan Department of Corrections, filed a pro se complaint pursuant to 42 U.S.C. § 1983. The complaint alleges that William Alford, a corrections officer, violated Smith's rights under the Eighth Amendment's prohibition of cruel and unusual punishment when he closed a door on Smith's wrist, arm, and hand in retaliation for Smith's filing of legal actions. Defendant filed a motion for summary judgment alleging the affirmative defense that Smith failed to exhaust administrative remedies. (ECF No. 33.) Smith filed a response. (ECF No. 38.) Plaintiff later filed a motion for a preliminary injunction concerning a 30-day phone restriction imposed on him, which he alleges was further retaliation. (ECF No. 76.)

The magistrate judge issued a Report and Recommendation (R&R) concerning the motion for summary judgment on January 5, 2015, which recommended that the motion be granted due to Plaintiff's failure to exhaust administrative remedies. (ECF No. 80.) The magistrate found that a grievance against Alford filed more than two months after the incident was untimely and thus did not exhaust the administrative remedies available to Plaintiff. Also on January 5, 2015, the magistrate judge issued a Report and Recommendation concerning the motion for a preliminary

injunction, which recommended denying the motion because it is unrelated to any issue pending in the current lawsuit. (ECF No. 81.) Smith filed objections to both R&Rs, asserting that he did timely file a grievance against Alford (ECF No. 82) and that Alford contacted staff at the facility where Smith is now held and instructed them to issue the misconduct report that led to his phone restrictions (ECF No. 81) in retaliation for the lawsuit against him.

In the interim, Smith has filed several additional motions, including: (1) a motion for summary judgment on the claims against Defendant Alford (ECF No. 84); and a motion for leave to file an affidavit in support of his objections to the R&R (ECF No. 88). Smith's motion for leave to file the affidavit is **GRANTED** and the Court will consider the affidavit.

## I.   LEGAL FRAMEWORK

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**II.   ANALYSIS**

   *A.   Motion for Summary Judgment*

Defendant Alford's motion for summary judgment discusses only grievance number RMI-13-01-0035-28e, filed on November 14, 2012, because it is the only grievance relevant to this complaint that progressed through Step III. The Court finds no defect in the R&R's discussion of this grievance. The portion of the R&R that discusses why the November 14, 2012 grievance did not exhaust Plaintiff's administrative remedies is **ADOPTED**.

However, the record contains an additional grievance that deals with the situation at hand, RMI-12-09-445-12E4, filed by Plaintiff on September 7, 2012. Plaintiff asserts that this grievance was rejected at Step I and that MDOC employees refused to give him the Step II/III form to appeal. Plaintiff also asserts that he filed a separate grievance complaining that he had not been provided a Step II/III appeal form, which was rejected. Smith notes that he filed the November 14, 2012 grievance *because* his appeal of the September 7, 2012 grievance denial was thwarted.

The PLRA exhaustion requirements are not jurisdictional, so "district courts have some discretion in determining compliance with the statute." *Sims v. Rewerts*, No. 07-12646, 2008 WL 2224132, at *5 (E.D. Mich. 2008) (citing *Curry v. Scott*, 249 F.3d 493, 501-503 (6th Cir.2001)). The Sixth Circuit has deemed claims exhausted where inmates attempt to comply with the grievance system and prison officials fail to timely respond or thwart the exhaustion of remedies through neglect. *See Boyd v. Corrections Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004); *Sims,* 2008 WL 2224132, at *4-6. Thus, not every exhausted claim necessarily makes it to Step III of the grievance procedures, as Defendant's motion assumes.

Because failure to exhaust administrative remedies is an affirmative defense that must be proven by defendants and Alford did not address the September 7, 2012 grievance, he has not proven

3

that Plaintiff failed to exhaust his administrative remedies. Accordingly, the motion for summary judgment based solely on failure to exhaust administrative remedies must be **DENIED**. The Report and Recommendation is **MODIFIED** to include the above discussion.

        B.      *Motion for Preliminary Injunction*

Smith's objections to the R&R recommending his preliminary injunction motion be denied are unavailing. Smith's unsupported accusations that Alford is directing the staff at his current corrections facility to retaliate against him does not remedy the fact that the motion concerns a new claim and not the claim pending in this lawsuit. Smith has not identified any specific defect in the R&R as required by the statute. 28 U.S.C. § 636(b)(1). Accordingly, the R&R recommending the denial of Plaintiff's motion for a preliminary injunction (ECF No. 79) is **ADOPTED** as the opinion of this Court.

**V.   CONCLUSION**

For the reasons stated above, the Report and Recommendation that recommends granting Defendant Alford's motion for summary judgment (ECF No. 80) is **ADOPTED IN PART** and **MODIFIED** as noted above. Plaintiff's motion for leave to file an affidavit in support of his objections to the R&R (ECF No. 88) was **GRANTED**. Defendant's motion for summary judgment (ECF No. 33) is **DENIED.**

The Report and Recommendation addressing Plaintiff's motion for a preliminary injunction (ECF No. 79) is **ADOPTED** as the opinion of this Court. Plaintiff's motion for a preliminary injunction (ECF No. 76) is **DENIED**.

      **IT IS SO ORDERED**.

Date:  March 31, 2015                          /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     Chief United States District Judge