UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

—————

| | | |
|---|---|---|
| DERRICK LEE SMITH, # 267009, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13-cv-694 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| WILLIAM  ALFORD, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.  This

lawsuit arises out of plaintiff's confinement at the Michigan Reformatory on September 2, 2012.

Plaintiff alleges that Corrections Officer William Alford violated his rights under the Eighth

Amendment's Cruel and Unusual Punishments Clause by closing a cell door on plaintiff's hand.

Plaintiff sues defendant in his individual and official capacities and is seeking an award of $240,000.

The matter is before me on plaintiff's motion for summary judgment  (docket # 84) and

plaintiff's motion for a preliminary injunction preventing his transfer from the Alger Correctional

Facility to the Kinross Correctional Facility (KCF). (docket # 152).  Plaintiff's motion for a

preliminary injunction requires no discussion beyond a recommendation that it be dismissed as moot

because plaintiff is currently an inmate at KCF.  (*see* docket # 154).

Plaintiff filed a brief with his motion for summary judgment (docket # 85), but he failed to

file any evidence in support of his motion.[1]  Plaintiff later filed a brief which was docketed by the

---

[1]Plaintiff's amended complaint (docket # 14) is not verified under penalty of perjury.
"Arguments in parties' briefs are not evidence."  *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir.

Clerk as a "supplement" to the motion for summary judgment (docket # 107), but the supplement is equally devoid of evidence supporting plaintiff's motion for summary judgment. Defendant filed a response to plaintiff's motion which is supported by evidence, including defendant's affidavit regarding the incident on September 2, 2012, and the MDOC documents related to plaintiff's misconduct conviction for the assault and battery he committed against defendant on that date. Defendant argues that he is entitled to dismissal of plaintiff's claim for damages against him in his official capacity because that claim is barred by Eleventh Amendment immunity. Further, he argues that he is entitled to judgment in his favor as matter of law on plaintiff's claim for damages against him in his individual capacity. (docket # 119). Plaintiff  filed a reply brief (docket # 133) which was  accompanied by the health care requests that plaintiff filed days after he had been charged with the misconduct for assault and battery. (docket # 137, Page ID 810-18). For the reasons set forth herein, I  recommend that plaintiff's motion for summary judgment be denied. I recommend that plaintiff's claim for damages against defendant in his official capacity be dismissed with prejudice because it is barred by Eleventh Amendment immunity. I recommend that judgment be entered in defendant's favor on plaintiff's claim for damages against defendant in his individual capacity.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a

_____

2006); *see also Kean v. Hughes*, No. 1:12-cv-847, 2015 WL 1476728, at * 2 n.1 (W.D. Mich. Mar. 31, 2015).

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir.

2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 James William Moore, et al., Moore's Federal Practice § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## **Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff is an inmate in the custody of the Michigan Department of Corrections (MDOC). On September 2, 2012, plaintiff was an inmate at

the Michigan Reformatory (RMI).  Corrections Officer William Alford was employed by the MDOC at RMI.  (Alford Aff. ¶¶ 1-5, docket # 119-3, Page ID 740-41).

On September 2, 2012, defendant informed plaintiff that he was being moved to another cell and that he needed to return to his cell and pack up his property.  Plaintiff was unhappy with the decision and shouted, "This is bullshit!," several times.  Defendant gave plaintiff a direct order to return to his cell and pack up.  During the escort back to plaintiff's cell, plaintiff took a few steps through the I-5 bulkhead door, turned, and rushed towards Officer Alford.  Alford was already closing the door when plaintiff forcefully pushed the door into Alford's wrist and hand.  When Officer Alford pushed back against the door, he was able to close it.  Alford never observed plaintiff's hand in the door, nor would he have been able to close it if plaintiff's hand had been in the way.  After the door was closed, plaintiff began beating the door and shouting.  On September 2, 2012, Officer Alford issued a misconduct citation against plaintiff for the assault and battery plaintiff had committed against him.  Plaintiff's response to the misconduct charge was that defendant accidentally closed the door on his hand and that Officer Alfred had mistakenly believed that plaintiff's push on the door had been an effort by plaintiff to keep the officer from closing it.  On September 14, 2012, plaintiff was found plaintiff guilty of the misconduct charge and was sentenced to 30 days of detention.  (Alford Aff. ¶¶ 5-12, Page ID 741-42; Misconduct Report, Hearing Investigation Report,  and Misconduct Hearing Report, docket # 119-3, Page ID 743-74; docket # 119-4, Page ID 746).

Plaintiff did not file any medical evidence in support of his motion.  He did file a copy of a health care request he made two days after he was cited for misconduct in which he complained that his hand hurt and it was swollen.  (docket # 137-1, Page ID 810).

-5-

On June 26, 2013, plaintiff filed this lawsuit.

## Discussion

### I.  Official Capacity Claim

Plaintiff's claims for damages against defendant in his official capacity are barred by Eleventh Amendment immunity.  The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court.  *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004).  A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012).  Furthermore, states and their departments are not "persons" within the meaning of 42 U.S.C. § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71.  Defendant is entitled to dismissal with prejudice of plaintiff's claim for monetary damages against him in his official capacity.

### II.  Individual Capacity Claim

Plaintiff has presented no evidence on which any reasonable trier of fact could find in his favor on the objective or subjective components of his Eighth Amendment claim against defendant. *See Wilson v. Seiter*, 501 U.S. 294 (1991); *Peterson v. Johnson*, 714 F.3d 905 (6th Cir. 2013). Plaintiff has presented nothing close to the level of evidence that would be necessary for him to prevail on a motion for summary judgment as the party with the burden of proof.  *See Arnett*, 281 F.3d at 561; *see also Epperson v. Resource Healthcare of Am., Inc.*, 566 F. App'x 433, 438-39 (6th Cir. 2014).  I recommend that plaintiff's motion for summary judgment be denied.

Defendant claims entitlement to entry of judgment in his favor on several grounds. Plaintiff has shown, at most, negligence in defendant's closing of the bulkhead door which cannot support an Eighth Amendment claim. *See Mantell v. Health Professionals Ltd.*, No. 13-4257, __ F. App'x __, 2015 WL 2191559, at * 5 (6th Cir. May 12, 2015). Defendant's use of force and plaintiff's injury ( if any) were *de minimis* and insufficient to support an Eighth Amendment claim. *See Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010); *see also Richmond v. Settles*, 450 F. App'x 448, 453-54 (6th Cir. 2011). Defendant is entitled to qualified immunity because plaintiff has not presented evidence on which a reasonable trier of fact could find that defendant's actions violated plaintiff's clearly established Eight Amendment rights. *See Carroll v. Carman*, 135 S. Ct. 348, 350 (2014); *Lane v. Franks*, 134 S. Ct. 2369, 2381 (2014); *see also Treadwell v. Almy*, No. 1:10-cv-560, 2013 WL 6668680, at * 5 (W.D. Mich. Dec. 18, 2013). I find that all the defendant's arguments are persuasive. The evidence is so one-sided in defendant's favor that he is entitled to entry of judgment in his favor under Rule 56(f)(1). *See Partners in Forestry Co-op v. U.S. Forest Service*, 45 F. Supp. 3d 677, 691 (W.D. Mich. 2014).

## Recommended Disposition

For the reasons set forth herein, I recommend that plaintiff's motion for a preliminary injunction (docket # 152) be dismissed as moot. I recommend that plaintiff's motion for summary judgment (docket # 84) be denied. I recommend that plaintiff's claim for damages against defendant in his official capacity be dismissed with prejudice because it is barred by Eleventh Amendment immunity. I recommend that judgment be entered in defendant's favor under the authority provided by Rule 56(f). This report and recommendation provides plaintiff with the notice and the opportunity to respond required under Rule 56(f).

-7-

Dated:   August 17, 2015                    /s/  Phillip J. Green
                                            United States Magistrate Judge

## NOTICE TO PARTIES

        Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).