UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH #267009,  )
    Plaintiff,  )
                                       )    No. 1:13-cv-694
-v-  )
                                       )    HONORABLE PAUL L. MALONEY
WILLIAM ALFORD,  )
    Defendant.  )
_____)

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

    Plaintiff Derrick Smith, a prisoner under the control of the Michigan Department of Corrections, filed a pro se complaint pursuant to 42 U.S.C. § 1983. The complaint alleges that William Alford, a corrections officer, violated Smith's rights under the Eighth Amendment's prohibition of cruel and unusual punishment when he closed a door on Smith's wrist, arm, and hand in retaliation for Smith's filing of legal actions.

**I.**    **STATEMENT OF FACTS**

    The following facts are beyond genuine issue, as reported by the magistrate judge. Plaintiff is an inmate in the custody of the Michigan Department of Corrections (MDOC). On September 2, 2012, Derrick Lee Smith was an inmate at the Michigan Reformatory (RMI). Corrections Officer William Alford was employed by the MDOC at RMI. (ECF No. 119-3 at PageID #740–41.)

    On September 2, 2012, Alford informed Smith that he was being moved to another cell and that he needed to return to his cell and pack up his property. Smith was unhappy with the decision and shouted, "This is bullshit!," several times. Alford gave Smith a direct order to return to his cell and pack up. During the escort back to Smith's cell, Smith took a few steps through the I-5 bulkhead door, turned, and rushed towards Officer Alford. Alford was already closing the

door when Smith forcefully pushed the door into Alford's wrist and hand. When Officer Alford pushed back against the door, he was able to close it. Alford never observed Smith's hand in the door, nor would he have been able to close it if Smith's hand had been in the way. After the door was closed, Smith began beating the door and shouting. On September 2, 2012, Officer Alford issued a misconduct citation against plaintiff for the assault and battery plaintiff had committed against him. Smith's response to the misconduct charge was that Alford accidentally closed the door on his hand and that Officer Alfred had mistakenly believed that Smith's push on the door had been an effort by Smith to keep the officer from closing it. On September 14, 2012, Smith was found guilty of the misconduct charge and was sentenced to 30 days of detention. (ECF No. 119-3 at PageID #741–44; ECF No. 119-4 at PageID #746.) Smith did not file any medical evidence in support of his motion. He did file a copy of a health care request he made two days after he was cited for misconduct in which he complained that his hand hurt and it was swollen.[1] (ECF No. 137-1 at PageID #810.)

On June 26, 2013, Smith filed this lawsuit.

## II.   PROCEDURAL HISTORY[2]

Defendant filed a motion for summary judgment alleging the affirmative defense that Smith failed to exhaust administrative remedies. (ECF No. 33.) Smith filed a response. (ECF No. 38.) Plaintiff later filed a motion for a preliminary injunction concerning a 30-day phone restriction imposed on him, which he alleges was further retaliation. (ECF No. 76.)

The magistrate judge issued a Report and Recommendation (R&R) concerning the motion for summary judgment on January 5, 2015, which recommended that the motion be

---

[1] As found by the magistrate judge, Smith submitted no proper affidavits or other evidence in favor of his claim.
[2] This case has been pending for some time. In part, this is due to Plaintiff's robust motion practice—dozens of motions have been filed.

granted due to Plaintiff's failure to exhaust administrative remedies. (ECF No. 80.) The magistrate found that a grievance against Alford filed more than two months after the incident was untimely and thus did not exhaust the administrative remedies available to Plaintiff. Also on January 5, 2015, the magistrate judge issued a Report and Recommendation (R&R) concerning the motion for a preliminary injunction, which recommended denying the motion because it is unrelated to any issue pending in the current lawsuit. (ECF No. 81.)

Smith filed objections to both R&Rs, asserting that he did timely file a grievance against Alford (ECF No. 82) and that Alford contacted staff at the facility where Smith is now held and instructed them to issue the misconduct report that led to his phone restrictions (ECF No. 81) in retaliation for the lawsuit against him. Smith then filed several additional motions, including: (1) a motion for summary judgment on the claims against Defendant Alford (ECF No. 84); and a motion for leave to file an affidavit in support of his objections to the R&R (ECF No. 88).

The Court adopted in part and modified in part the magistrate judge's R&R on March 31, 2015. (ECF No. 94.) As a result of that order, Smith's motion for leave to file the affidavit was granted, Smith's motion for a preliminary injunction was denied, and Defendant's motion for summary judgment was granted with respect to one grievance and denied with respect to another. (ECF No. 94.)

The magistrate judge issued an order denying most of the twenty-eight separate non-dispositive motions filed by Smith, dismissing others as moot, and granting two. (ECF No. 155.) Smith had also filed a motion for summary judgment and another motion for a preliminary injunction (ECF Nos. 84, 152); on August 17, 2015, the magistrate judge issued another Report and Recommendation recommending dismissal of both of those motions, and put Smith on

3

notice of the Court's belief that judgment should be entered in favor of Defendant under Federal Rule of Civil Procedure 56(f).[3]

Smith filed two notices of appeal to the Court as to the order regarding the non-dispositive motions and an objection to the R&R on August 24, 2015. (ECF Nos. 157, 158, 159.) Smith also filed a notice of appeal regarding the non-dispositive motions to the Sixth Circuit, but the Sixth Circuit dismissed the appeal for lack of jurisdiction (ECF No. 161, 182.) Smith filed another motion seeking the Court's review on October 1, 2015. (ECF No. 183.)

This matter is before the Court on two related issues: first, the magistrate judge's Report and Recommendation and the subsequent objection (without particularity) filed by Smith; and second, the magistrate judge's non-dispositive denial of Smith's motion for leave to submit statements—of which Smith seeks to cure for purposes of the objection.

### III.   LEGAL FRAMEWORK

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th

---

[3] While Defendant Alford requested judgment be granted in his favor in his response to Smith's motion for summary judgment, Alford did not file a cross motion for summary judgment.

Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## IV. ANALYSIS

The Report and Recommendation noted that "Plaintiff filed a brief with his motion for summary judgment (docket # 85), but he failed to file any evidence in support of his motion." This is chiefly because the magistrate judge had also issued an order denying Plaintiff's motions for leave to submit statements (ECF No. 115, 136). (ECF No. 155.)

In fact, Plaintiff's proposed statements were insufficient as evidence for three reasons: (1) the statements were not sworn statements because the statements were not submitted under penalty of perjury; (2) the statements were not affidavits because the statements were made on "information and belief"; and (3) the statements were not affidavits because the statements lacked certification by a notary public that the signer made the statement in the presence of the notary public and taken an oath or affidavit vouching for the statement's truthfulness. *See Lauderdale v. Wells Fargo Home Mortg.*, 552 F. App'x 566, 571 ("[U]nsworn declarations cannot be considered as evidence for summary judgment unless made under penalty of perjury, certified as true and correct, dated, and signed."); *Ondo v. City of Cleveland*, No. 14-3527, __ F.3d __, 2015 WL 4604860, at *5 (6th Cir. Aug. 3, 2015) ("[S]tatements made on belief or 'on information and belief' cannot be utilized on a summary judgment motion.") (quoting 10B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2738 (3d ed. 1998)); *Doxey v. McConkey*, No. 1:13-cv-1175, 2015 WL 1003029, at *9 (W.D. Mich. Mar. 5, 2015) ("[S]tatements in an affidavit made upon information and belief have no probative value and may not be considered in a motion for summary judgment."); Fed. R. Civ. P. 56(c)(4)

("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); *see also Dunbar v. Prelesnik*, No. 1:13-cv-1100, 2014 WL 4542467 (a document with a notary stamp, but lacking the jurat providing the "certification by notary public that a signer . . . has made in the presence of the notary public a voluntary signature and taken an oath or affirmation vouching for the truthfulness of the signed record" is not an affidavit under Michigan law).[4]

The R&R also correctly noted that "'[a]rguments in parties' briefs are not evidence.'" *Id.* (citing *Duha v. Agrium, Inc.,* 448 F.3d 867, 879 (6th Cir. 2006).

Plaintiff Smith filed an objection to the Report and Recommendation on August 24, 2015. The motion stated the following:

> [T]he Plaintiff submits the BRIEF IN SUPPORT OF PLAINITFFS OBJECTIONS TO THE REPORT & RECOMMENDATION, as that plaintiff has been provided with the Report and Recommendation on August 20, 2015, Plaintiff will require more law library time to conduct the research necessary to properly file the complete OBJECTION as that Plaintiff has just been handed a SERIES OF MULTIPLE DENIALS BY JUDGE GREEN and because of such denials, the Plaintiff will file this OBJECTION TO THE REPORT AND RECOMMENDATION *with the BRIEF IN SUPPORT TO*

---

[4] The Court has some reservations whether the third deficiency by itself is fatal to Smith under federal law. On the one hand, the Notary Public is bound to follow the law of the State of Michigan. On the other hand, 28 U.S.C. § 1746 states:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed to him, as true under penalty of perjury, and dated, in substantially the following form:
> . . . .
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)."

Regardless of which law applies, however, Smith provided insufficient affidavits.

> *FOLLOW shortly hereafter and hopefully, within the time remaining from the time limit that Plaintiff has been given.*
>
> Plaintiff States that THERE IS A STRONG OBJECTION TO THE REPORT AND RECOMMENDATION and Plaintiff will file the Brief in Support as soon as completed.

(ECF No. 159 (emphasis added).) Since that time, Smith has requested the docket sheet twice and filed at least twelve additional motions. However, the Court finds that while Smith has certainly sought to cure the magistrate judge's non-dispositive order regarding the affidavits (ECF No. 155), Smith neither filed brief in support of his objection to the Report and Recommendation nor "pinpoint[ed] those portions of the magistrate judge's report that the district court must specifically consider." Thus, the Court considers any objections to the R& R as waived.

However, on September 4, 2015, Smith did file a separate motion titled "MOTION FOR LEAVE TO ACCEPT THE PLAINTIFFS PREVIOUSLY FILED STATEMENTS UNDER DOCKET #115 & 136 AS BEING STATEMENTS MADE UNDER PENALTY OF PERJURY FOR PURPOSES OF OBJECTION TO THE REPORT AND RECOMMENDATION AND TO ENSURE THE COURT ACCEPTS PLAINTIFFS STATEMENTS UNDER THE PENALTY OF PERJURY." (ECF No. 164.)

Thus, Smith apparently argues that the Court should first, grant his motion to cure the two previously submitted affidavits as proper—despite the magistrate judge denying Smith leave to file them in the first instance, and second, consider those affidavits as evidence for de novo review for purposes of the objection.

However, the Brief in Support of that *separate* "motion" essentially seeks to cure the defects identified in the magistrate judge's non-dispositive order denying both motions for leave to file the affidavits in the first instance. (ECF No. 155 (denying ECF Nos. 115, 136).) An appeal

on a non-dispositive motion is only reversed if the decision was "clearly erroneous or contrary to law." *See, e.g., U.S. v. Raddatz*, 447 U.S. 667, 673 (1980); *U.S. v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). Here, the magistrate's order holding that the statements were defective was obviously not "contrary to law." Simply put, the statements, as submitted, could not possibly constitute evidence, as those statements did not suffice for evidentiary purposes. Thus, the next question is whether the Court *must* grant Smith leave to cure the defects. The answer to that question is "no."

The reasons for answering "no" are numerous: (1) Smith, regardless of how the Court treats the "motion for leave to accept . . . the previously filed statements," did not "pinpoint those portions of the magistrate judge's report that the district court must specifically consider," did not ever submit a brief in support of his objection, and thus, waived any objections to the R&R; (2) Smith seeks to collaterally attack the magistrate judge's non-dispositive order denying initial leave to file the statements by urging the Court to accept those same statements (as "cured") for purposes of de novo review for the Report and Recommendation; and (3) Smith's "motion for leave to accept . . . the previously filed statements"—even if it could be construed as a brief "pinpointing" objections to the R&R—was not timely filed within fourteen days of the R&R.[5] [6] *See, e.g., Marshall*, 806 F.2d at 637; *see also Jarbou v. JP Morgan Chase Bank*, 611 Fed. App'x 342, 343 (6th Cir. 2015) ("Plaintiffs did not file specific objections, but rather rehashed [previous] arguments.").

---

[5] The R&R issued on August 17, 2015; Smith's objection, which contained no particularity, was filed on August 24, 2015; Smith's "motion for leave to accept the plaintiffs previously filed statements under docket #115 & #136 as being statements made under penalty of perjury for purposes of objection to the Report and Recommendation" was filed on September 4, 2015, past the deadline.

[6] A fourth reason that only relates to the denial of Smith's motion for summary judgment (rather than the Rule 56(f) issue): The proposed statements—even if the Court considered them "cured" as evidence at this late stage—were filed well after the motion for summary disposition, and would not have to be considered by the Court under Rule 56(c)(3) ("[t]he court need consider only the cited materials").

In sum[7], even if the Court granted maximum deference to Smith, he, as a baseline matter, has failed to "pinpoint those portions of the *magistrate's report [itself]* that the district court must specifically consider" *Marshall*, 806 F.2d at 637 (emphasis added). Smith failed to file a brief in support of that objection, and the Court does not construe a separate motion as a brief in support. Thus, Smith has waived any objection to the R&R. Even if Smith did "pinpoint" a factual objection, however, the magistrate judge issued orders on the non-dispositive motions that denied leave to file the affidavits in the first instance, and the magistrate's decision was not "contrary to law." And the Court, in its discretion, finds ample reason to deny a renewed motion to "cure" the defects in the affidavits.

Finally, even if the Court did accept Smith's "motion for leave to accept . . . previously filed statements," the Court would choose not to consider those statements for purposes of denying Smith's motion for summary judgment—as it is entitled to do so under Rule 56(c)(3).[8] Further, while Smith was given proper notice and an opportunity to respond pursuant to Rule 56(f), the Court still possesses no admitted evidence on behalf of Plaintiff before it to raise a dispute of material fact, and judgment in favor of Defendant is proper.

## V.   CONCLUSION

For the reasons stated above, Plaintiff's "motion to accept . . . previously filed statements" (ECF No. 164) is **DENIED**; further, the Report and Recommendation that

---

[7] Smith also erroneously seeks to appeal the magistrate judge's denial of *Defendant's* motion for a stay and evidentiary hearing regarding the administrative exhaustion issue. (ECF No. 172.) However, the Court had previously denied Defendant's motion for summary judgment solely on administrative exhaustion, and the effect of the magistrate judge's order denying motions for a stay and evidentiary hearing regarding administrative exhaustion were wholly in favor of Smith. In other words, the Court has already held that Smith survived the administrative exhaustion issue. Smith's attempts to keep his suit temporarily alive by appealing non-dispositive orders in his favor, and on behalf of Defendant, are frivolous. Nonetheless, the Court need not further address the motion since it will be rendered moot as a result of this opinion and order.

[8] The magistrate judge also reported that, as a matter of law, Smith's official capacity claim is barred by Eleventh Amendment immunity, and the evidence in the record demonstrates that "Defendant's use of force and plaintiff's injury (if any) were *de minimis* and insufficient to support an Eighth Amendment claim." (ECF No. 156.)

recommends denying Smith's motion for summary judgment (ECF No. 84) and dismissing as moot Smith's motion for a preliminary injunction (ECF No. 152) is **ADOPTED**.

## ORDER

Plaintiff's "motion to accept . . . previously filed statements" (ECF No. 164) is **DENIED**. The Report and Recommendation addressing Plaintiff's motions for summary judgment (ECF No. 84) and preliminary injunction (ECF No. 152) is **ADOPTED** as the opinion of this Court. Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, **SUMMARY JUDGMENT** is **GRANTED IN FAVOR OF DEFENDANT**.

A **JUDGMENT** in favor of Defendant will follow, and all other motions (ECF Nos. 163, 171, 172, 173, 174, 175, 176, 177, 179, 180, 181, 183) will be **DISMISSED AS MOOT**.

**IT IS SO ORDERED**.

Date:  October 20, 2015             /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    United States District Judge